# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

L.R. AND L.R. O/B/O MINOR CHILD D.R.[1],

Plaintiffs,

-against-

HERTZ, CHERSON, & ROSENTHAL, P.C., HOWARD HEATH TYGAR, and 217 LLC,

Defendants.

Civil Action No.:

**COMPLAINT**

Plaintiffs request a trial by jury.

## NATURE OF ACTION

1. This action arises out of violations of both New York State and federal laws with regards to the possession, receipt, public display, and distribution of child pornography.

2. Plaintiffs seek redress against the Defendants for their possession of a video displaying the minor child D.R., engaging in a sexual act, and their subsequent of display of this video to a public audience, and distribution thereof.

3. Defendants knowingly and intentionally displayed the child pornography in a public forum to gain an advantage in an underlying eviction proceeding against Plaintiff L.R., the mother of the minor child. Thereafter, despite being explicitly warned that the video depicted Child Sex Abuse Material (CSAM), the Defendants insisted that the video should be displayed anyway, to an open courtroom,

[1] Plaintiff respectfully requests that this Court allow Plaintiff LR and DR's names to be abbreviated throughout the Complaint based on the fact that DR is an infant who is seventeen years old as of the date of this Complaint. Should this Court require Plaintiff LR and DR's full names, Plaintiff respectfully requests that this Court allow Plaintiff to file the full, unabbreviated Complaint under seal.

without prior notice or justification; and then distributed the CSAM to third parties through an online file sharing platform. [2]

4. Despite numerous warnings of their unlawful handling of the CSAM, Defendants continued to distribute the CSAM to third parties.

5. As a result of Defendants' unlawful conduct, Plaintiffs suffered immense emotional and psychological distress, much of which will never be resolved.

## THE PARTIES

6. Plaintiff L.R. is an individual residing in Bronx County, New York. She is the mother and guardian of D.R., her minor daughter.

7. D.R. is a minor that was 16 years of age at the time of the relevant incidents.

8. Defendant Hertz, Cherson, & Rosenthal, P.C. ("Defendant Hertz LLC") is a law firm incorporated in the State of New York, with a principal place of business in Queens County, New York.

9. Upon information and belief Defendant Howard Heath Tygar ("Defendant Tygar") is an individual employed by the Defendant Law Firm and resides in the State of New York.

10. Defendant 217 LLC is a corporation with a principal place of business in Bronx County, New York and is the owner and landlord of the Plaintiffs' residence.

## JURISDICTION AND VENUE

11. This court has jurisdiction because this matter involves issues arising under federal law and has supplemental jurisdiction to hear the related New York State law claims as they are part of the same case or controversy.

---

[2] Child Sexual Abuse Material ("CSAM") also referred to as child pornography is defined as "any visual depiction of sexually explicit conduct involving aperson less than 18 years old". See, https://www.justice.gov/d9/2023-06/child_sexual_abuse_material_2.pdf.

12. Venue is proper in this Court as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District. 28 U.S.C. § 1391(b)(2)

13. This court has personal jurisdiction over the Defendants as they have principal places of business and/or reside in this State and committed tortious and/or unlaw acts within this State.

## FACTUAL ALLEGATIONS

14. Plaintiff L.R. resides in her home with her minor children. The apartment the family resides in is a rent-stabilized apartment located in Bronx County, New York. The family have been residing in those premises for over 9 years, since approximately November 2016.

15. Defendant 217, LLC is the landlord of the building in which Plaintiffs reside.

16. On or around October 19, 2023, Defendant 217 LLC commenced an eviction proceeding against L.R. based on allegations that L.R. was committing or permitting a nuisance because L.R.'s children had damaged public areas of the building on several instances. Defendant 217 LLC was represented on this matter by Defendant Hertz LLC.

17. In or around June 2024, L.R. and Defendant 217 LLC entered into a probationary stipulation resolving the eviction proceeding wherein L.R. agreed to refrain from permitting any nuisance-like conduct.

18. Less than a month after entering the stipulation of settlement with L.R., Defendant 217 LLC filed a motion to restore the eviction proceeding based on the alleged breach of the June 2024 probationary stipulation. In support of its motion, Defendant 217 LLC alleged that one of L.R.'s children had sprayed milk in the building vestibule just a few days after the probationary stipulation had been entered into.

19. On or around June 10, 2025, a housing court part in Bronx County held a fact hearing in a courtroom open to the public on the question of whether L.R. had breached the probationary stipulation entered in June 2024. L.R. appeared at that hearing *pro se* while Defendant Tygar appeared as attorney

on behalf of Defendant 217 LLC. During the open court hearing, Defendant Tygar introduced several videos which mainly consisted of surveillance footage inside the Plaintiffs' building.

20. Without warning to the court, or to Plaintiff L.R., Defendant Tygar introduced and began playing in open court and fully visible to the public audience, a video which he had identified as video "7-44-3-2025" and asked to be marked as "Petitioner's Exhibit 5". That video depicted L.R.'s minor daughter, D.R., being sexually assaulted by an older, unidentified male. Upon realizing the depiction of CSAM, the housing court judge immediately instructed her court officer to stop playing the video, informed Defendant Tygar that the video would not come into evidence, expressed her shock that the video had been shown at all, and instructed that such videos held no evidential weight necessary to prove Defendants' case.

21. Rather than realizing the obvious unlawfulness of his actions, Defendant Tygar insisted to the court that the video should be displayed and entered into evidence. Defendant Tygar and Defendant 217 LLC further admitted to the court that they possessed additional videos showing similar sexual acts. The Defendants insisted on displaying these videos even though L.R. informed them and the court that the video displayed ***her minor daughter*** being sexually assaulted and the court determining that the videos were not evidentially necessary. Defendant Tygar, fully recognizing what was depicted in the video went so far as to state "the fact that [L.R.'s] child is having sexual relations in the [building] hallway is absolutely relevant" in insisting that the video should be played in open court and admitted into evidence.

22. At the conclusion of the hearing the judge ordered Defendant Tygar to refrain from introducing such material and to submit a memo regarding the nature of the videotapes held by Defendants.

23. Following the hearing in June 2025, after learning *unequivocally* that Defendant Tygar had displayed CSAM in open court, Defendants Hertz LLC and Tygar went on to unlawfully distribute that material to third parties: including, but not limited to, newly appointed attorneys for L.R. at the Legal Aid Society, and to members of housing court.

24. In October 2025, in a letter correspondence to housing court, Defendants identified and labeled the video materials as "10 2025-03-29 Dau2 & BF Loitering and Having Sex" and stated that "[a] Google link with the actual videos has been shared with the Court and [L.R.'s] counsel."

25. By letter dated October 31, 2025 attorneys for L.R. advised Defendants Hertz LLC and Tygar of their unlawful conduct in receiving, possessing, publicly displaying, and distributing CSAM; and demanded that any CSAM be immediately turned over to local law enforcement.

26. Upon information and belief, Defendants Hertz LLC and Tygar refused to surrender the CSAM in their possession and instead continued to view and further distribute it to unknown parties.

27. In creating, receiving, possessing, publicly displaying, and distributing videos of minor child D.R. being sexually assaulted, the Defendants intentionally and purposefully violated both state and federal laws to further their own financial interests, all at the expense of Plaintiffs' dignity and emotional well-being.

28. Perhaps most disturbingly, Defendants Hertz LLC and Tygar knowingly and purposefully engaged in this unlawful conduct as attorneys and officers of the court –stubbornly and inexplicably insisting on possessing, displaying, and distributing child pornography without justification.

**COUNT ONE**
(Intentional Infliction of Emotional Distress)

29. Plaintiffs repeat and re-allege the allegations state above as if fully set forth herein.

30. As a direct result of these allegations, Defendants committed intentional infliction of emotional distress against Plaintiffs.

31. Defendants' actions, as described above, constitute extreme and outrageous conduct that shocks the conscience. The Defendants' intentional and purposeful display and distribution of CSAM goes beyond the bounds of decency and is intolerable in a civilized society.

32. Defendants knew or disregarded the substantial likelihood that these actions would cause Plaintiffs severe emotional distress.

33. As a direct and proximate result of Defendants' unlawful acts, Plaintiff have and will in the future continue to suffer substantial damages, including extreme emotional distress, humiliation, fear, psychological trauma, loss of dignity and self-esteem, and invasion of privacy.

## COUNT TWO
(Violation of 18 U.S.C. § 2255 ("Marsha's Law")

34. Plaintiffs repeat and re-allege the allegations state above as if fully set forth herein.

35. 18 U.S.C. §2255, entitled "Civil Remedy for Personal Injuries", provides that any person who is a victim of a violation of 18 U.S.C. §2252(a)(4)(B) and who suffers personal injury as a result of such violation shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000.00, and the cost of the action, including reasonable attorneys' fees and other litigation costs reasonably incurred.

36. As described above, Defendants violated the federal child pornography laws delineated in 18 U.S.C. §2252.

37. Plaintiffs suffered personal injuries because of Defendants' violations of 18 U.S.C. §2242.

38. Under 18 U.S.C. §2255, victims of child pornography crimes under 18 U.S.C. §2252 may recover the actual damages the victim sustained or liquidated damages in the amount of $150,000.00 per pornographic video obtained and/or maintained in violation of federal law and the costs of the action, including reasonable attorneys' fees and other litigation costs reasonably incurred, along with punitive damages and other preliminary and equitable relief that the Court deems to be appropriate.

## COUNT THREE
(Violation of New York Civil Rights Law §52-b)

39. Plaintiffs repeat and reallege the allegations above as if fully set forth herein.

40. Plaintiffs had a reasonable expectation that any images, videos, and/or depictions of minor child D.R. being sexually assaulted, would remain private, immediately destroyed, and/or surrendered to law enforcement.

41. The images possessed, maintained, and distributed by Defendants depicted minor child D.R. being forced into a sexually explicit act.

42. The Defendants disseminated these images and/or videos without Plaintiffs' permission and/or consent.

43. Defendants distributed, shared, and displayed these images for the express purpose of harassing and alarming the Plaintiffs.

44. Defendants distributed, shared, and displayed the depictions of the minor child for no legitimate public or lawful purpose.

45. The sharing of the images and/or videos caused Plaintiffs substantial emotional distress.

46. As a result of Defendants' actions, the Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendants from disseminating the images, and such other relief as the Court deems equitable and just.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in Plaintiffs' favor against Defendants, and issue an order containing the following relief:

A. Under the First Claim for Relief, in the amount of ONE MILLION ($1,000,000.00) DOLLARS plus punitive damages;

B. Under the Second Claim for Relief in the amount of ONE HUNDRED AND FIFTY THOUSAND ($150,000.00) DOLLARS per pornographic photograph and/or video obtained, maintained, and/or distributed in violation of federal law plus punitive damages and attorneys' fees;

C. Under the Third Claim for Relief, in the amount of ONE MILLION ($1,000,000.00) DOLLARS plus punitive damages, attorneys' fees, and reasonable court costs;

D. SUCH OTHER AND FURTHER RELIEF the court deems just and necessary.

Dated: December 9, 2025

**INCENDII LAW PLLC**

By: *_/s/ Aurore C. DeCarlo_*
Aurore C. DeCarlo
195 Plymouth Street, Suite 4/3
Brooklyn, New York 11201
Tel. (646) 722-8655
Email: aurore@incendiilaw.com